**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

---

**CARSON LAKO,**

Plaintiff-Appellant

vs.

**WI Western District Court**
**Case No:** 20 CV 355

**PORTFOLIO RECOVERY ASSOCIATES**
And
**RAUSCH STURM ISRAEL ENERSON & HORNIK, LLP**

Defendants-Appellees

---

# PLAINTIFF-APPELLANT'S PETITION FOR INTERLOCUTORY APPEAL

---

**NOW COMES,** the Plaintiff-Appellant, Carson Lako, by and through his attorneys, Attorney Briane F. Pagel and Lawton & Cates, S.C., and hereby petitions this Court, pursuant to F.R.A.P. 5 and 28 USC 1292(b), to hear and decide an interlocutory appeal in the above-captioned case.

## I. Questions presented by this appeal:

*A. Whether Lako has standing to sue defendants-appellants for violating the federal Fair Debt Collection Practices Act by suing Lako without first complying with a Wisconsin law requiring provision of a notice of*

***right to cure default to a debtor prior to commencement of a collection action?***

District Court's answer: Yes, Lako has standing.

***B. Whether the National Bank Act, 12 USC Sec. 38, et seq, ("NBA") preempts Wisconsin's notice of right to cure default provisions as they apply to national banks?***

District Court's answer: Yes.

***C. Whether, if the NBA pre-empts the Wisconsin requirement of a notice of right to cure default, the defendants in this case are entitled to rely on that pre-emption.***

District Court's answer: The District Court did not expressly address this question, but by finding that the NBA preempted Wisconsin law the Court considered whether the national bank's "rights and duties" were assigned to defendant Portfolio Recovery Associates, implicitly finding that a debt-buyer may take advantage of preemption under the NBA.

## II. The facts necessary to understand the question presented.

Carson Lako opened a credit card issued by Synchrony Bank and charged items on it for his personal use. When he did not make his required payments, Synchrony imposed late fees on the account. Those late fees formed part of the "minimum payment due" of $81 on Lako's June 2017 bill.

On July 28, 2017, Synchrony mailed to Lako a "notice of right to cure default," requiring that Lako pay $81 by August 12, 2017 to cure a default alleged to have occurred on his account as a result of nonpayment. The notice did not say how this amount was calculated or itemize it any way.

When Lako did not pay up, Synchrony accelerated and charged off the debt. The debt was then sold to defendant Portfolio Recovery Associates (PRA), a debt buyer, in October 2018.

PRA, with defendant Rausch as its lawyer, filed a lawsuit in small claims court seeking the full accelerated balance owed by Lako.

Lako hired counsel, and a small claims hearing was held. Lako's defense in the hearing was that the July 2017 notice of right to cure default did not comply with the requirements of Wisconsin law, and that therefore the suit must be dismissed. The Dane County court agreed, dismissing the case, and PRA did not appeal that dismissal.

Lako then brought this suit, alleging (as matters here) that PRA and Rausch violated the Fair Debt Collection Practices Act by bringing the suit when they lacked the legal right to do so.

Under Wisconsin law, Lako's credit card account was a "consumer credit transaction." Wisconsin requires that consumers be given a notice of any default on such an account, and an opportunity to cure the default under some circumstances. Sec. 425.105, Wis. Stats. If such a notice is required and a creditor commences a lawsuit without giving a statutorily - sufficient notice, the lawsuit must be dismissed. Security Finance v. Kirsch, 2019 WI 42 (Wis. S. Ct. 2019); see also Sec. 425.105(1), Wis. Stats. ("A merchant may not accelerate the maturity of a consumer credit transaction [or] commence any action" without giving a notice of right to cure and waiting the cure period of 15 days.)

Both plaintiff and defendants moved for summary judgment on the issue of whether the notice of right to cure default had been given as required by Wisconsin law. The District Court held a status conference that included oral arguments in response to questions by the Court, and allowed supplemental briefing on the question of standing in light of recent decisions by this Court.

The District Court then, on August 4, 2021, issued an opinion holding that Lako had standing to sue, but that the NBA preempted Wisconsin's notice of right to cure laws as they applied to national banks. The District Court certified "the

standing and preemption questions resolved in [its] opinion and order" to this Court pursuant to 28 USC 1292(b).

## III. The Relief Sought:

Lako asks this Court to take this appeal, and to uphold the District Court's determination regarding standing.

Lako requests this Court reverse the District Court's holding that the National Banking Act preempts Wisconsin law to bring this Circuit in line with the decisions in Aguayo v. U.S. Bank, 653 F.3d 912 (9th Cir. 2011), and Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315 (4th Cir. 2012).

Finally, Lako asks that this Court issue a ruling, if necessary, holding that assignees of national banks are not allowed to use any NBA preemption as a defense against suits such as this, adopting the rule first set forth in Eul v. Transworld Sys. (ND Ill 2017).

## IV. The reasons why the appeal should be allowed and is authorized by a statute or rule.

In this matter, Lako sued for FDCPA violations caused by misrepresenting the nature and character of the debt, and it is necessary for Lako to show that PRA

and Rausch were not allowed to file a lawsuit against him unless and until he had received a statutorily - compliant[1] notice of right to cure default.

Lako also included a claim that the defendants violated state and federal law by filing a state court lawsuit against him which falsely misrepresented the level of meaningful attorney involvement, and thus violated 15 USC 1692e. That claim in part relies on the assertion that the noncompliant notice was not known to the defendants because Rausch lawyers spend insufficient time and are insufficiently involved in the preparation of lawsuits.

The parties agreed that the issues related purely to the notice issues were faster to litigate and involved no actual discovery, and thus were less time-consuming, as discovery on the "meaningful involvement" issue would require numerous depositions of lawyers and staffers at the Rausch firm, as well as employees of PRA, and raise numerous issues of trade secrets and attorney-client privilege and work product protection.

Since Lako is seeking compensatory and statutory damages, and since the allegations were intertwined, Lako could receive damages by proving either, or both, claims, and Lako cannot win twice, so a finding of liability on the issue of

---

[1] The repeated statement that the notice must be "statutorily compliant" is because Synchrony did in fact send a notice of default and provide a right to cure to Lako, but that notice did not comply with Wisconsin law because it did not separately itemize delinquency charges, as required by section 425.104(2), Wis. Stats. Providing a notice which does not meet the requirements of the statute is the same as not providing a notice at all. See Indianhead Motors v. Brooks, 2006 WI App 266, 297 Wis. 2d 821, 726 N.W.2d 352.

compliance with Wisconsin's right-to-cure law would mean that Lako would simply have a trial on damages, and would not need to litigate the meaningful review issue.

At the same time, if this Court upholds the District Court's rulings on standing and preemption, that ruling would affect and inform the parties' decisions on how to proceed with the remainder of the case. Lako would have to consider whether he could prove a "meaningful review" claim under 1692e even in the absence of a clear violation of Wisconsin law that (ostensibly) was caused by a lack of meaningful attorney involvement. At the same time, though, the only existing guidance on whether the NBA preempted the Wisconsin Consumer Act was another District Court case, Boerner v. LVNV, 358 F. Supp. 3d 767 (E.D. Wis. 2019), which held that the NBA did *not* preempt the Wisconsin notice statutes. Because of that, the defendants would still potentially be subject to an argument that their alleged lack of meaningful involvement in preparation of lawsuits led to an error that caused a lawsuit to be dismissed, even if later a federal court disagreed with the state court, so Lako would still have a potential cause of action.

In short, this Court's decision may make entirely unnecessary a significant amount of discovery and trial over the level of attorney involvement in the preparation of the state court suit against Lako, and even if this Court were to

conclude the law is preempted that conclusion would still clarify the issues remaining in the lawsuit on the other claimed FDCPA violation.

An interlocutory appeal must involve an "apparent controlling question of law as to which there is substantial ground for difference of opinion," so that "an immediate appeal" could "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The District Court's order found that Lako has standing to pursue his claims. Standing is a jurisdictional matter. Pennell v. Global Trust Mgmt., LLC, 990 F.3d 1041 (7th Cir. 2021). If this Court finds that Lako lacks standing, this case is over, which makes standing a controlling question of law.

The District Court's order also found that the notice requirements of the Wisconsin Consumer Act are preempted; as set forth in the foregoing, a determination on that issue will either result in a trial on damages (if this Court rules in Lako's favor) or the termination of one claim and a significant reduction in the amount of litigation necessary on the other claim asserted in this matter; the issue of whether Lako was entitled to receive a statutorily-compliant notice of right to cure default prior to being sued is central to this case.

There is substantial ground for differences of opinion. Not only have two appellate courts found that similar laws were not preempted, but in this Circuit, the *Boerner* case in the Eastern District of Wisconsin determined this law was not

preempted, while the District Court in this case came to the opposite conclusion, and in the *Eul* case (*supra*), the Northern District of Illinois took a different tack that now has come up in this matter, as well, so this Court's ruling will resolve those differences.

Finally, this Court can consider the question of whether debt buyers can benefit from NBA preemption even though the District Court did not directly address that issue. An appeal under § 1292(b) brings up the whole certified order. United Airlines, Inc. v. Mesa Airlines, Inc., 219 F.3d 605, 609 (7th Cir. 2000). On an interlocutory appeal this Court "may address any issue fairly included within the certified order because 'it is the order that is appealable, and not the controlling question identified by the district court.'" Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996) (quoting 9 J. Moore & B. Ward, Moore's Federal Practice ¶ 110.25[1], p. 300 (2d ed. 1995)).

## Conclusion:

The preemption question is an issue of first impression for this Court, and the standing question is both jurisdictional and based on a set of facts this Court has not yet ruled on with respect to that issue. The facts involved in this aspect of the case are limited and not subject to dispute, making this a purely legal issue. The questions raised by this interlocutory appeal will need to be resolved at some point

in this litigation, and doing so now will result in a much faster and more economical resolution of this lawsuit.

On the other hand, if this Court does not accept this appeal, the parties will have to litigate the remaining claim operating under the law of the case, and will go through substantial discovery, further motion practice, and potentially a trial on the question of how meaningfully involved the lawyers were in drafting the complaint in this matter. For that entire time, the parties will have to treat the Wisconsin Consumer Act as preempted. At the end of that set of litigation, Lako would appeal the determination on preemption anyway (and the defense may cross-appeal the issue of standing.) If this Court were to *then* reverse, it would mean that the entire case should not have happened (if this Court finds no standing), or could require a retrial (and potentially new discovery) on the issue of damages, at least, this time with the knowledge that the lawsuit had, in fact, been illegal.

For all the foregoing reasons, as well as those set forth by the District Court's opinion, this Court is requested to allow this interlocutory appeal.

Dated: August 11, 2021.

**Lawton & Cates, S.C.**
Attorneys for Plaintiff-Appellant

Attorney Briane F. Pagel
State Bar No. 1025514

P.O. Address:
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703
P: 608.282.6200/F: 608.282.6252
bpagel@lawtoncates.com